U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 21, 2023

U.S.D.C. SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/23

**BY ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   ***United States v. Ricardo Ferguson*, a/k/a "Mayback," 22 Cr. 135 (RMB)**

Dear Judge Berman:

The Government writes to respectfully request that the Court approve and order the issuance of the pretrial subpoena, attached hereto as <u>Exhibit A</u>, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (the "Subpoena"). The Subpoena requests certain materials from the New York City Human Resources Administration Department of Social Services (the "HRA"). The HRA requires that the Court so-order the production and use of such records at trial. The Government further requests that the Court set an early return date on the subpoena so that the Government and defense counsel can review the records in advance of trial. Defense counsel has no objection to the request.

   1.  <u>Background</u>

On December 5, 2021, defendant Ricardo Ferguson shot and killed Robert Brown, Sr. (the "Victim") during a drug-related robbery (the "Murder"). Ferguson and the Victim were crack dealers who sold in the same vicinity: a narrow park located on Aqueduct Avenue and West Fordham Road. On the day of the Murder, Ferguson and a coconspirator ("CC-2") assaulted the Victim and attempted to rob him. Ferguson pulled out a small black firearm and shot the Victim in the side of the head at close range. Ferguson then fled the New York area.

   2.  <u>Relevant Law</u>

New York statute provides that the names and addresses of all persons applying for or receiving public assistance shall remain confidential in the absence of a court order. Specifically, 18 CRR-NY § 357.3 sets forth:

(f) Disclosure upon subpoena by court.

. . .

(3) In the event that the subpoena is for a purpose not directly related to the administration of public assistance or the protection of a child, the agency shall plead, in support of its request to withhold information, that the Social Security Act, the Social Services Law and the regulations of the State Department of Social Services prohibit disclosure of confidential information contained in records and files, including names of clients. *The agency will be governed by the final order of the court after this plea is made.*

18 CRR-NY § 357.3 (emphasis added).

Both federal and state courts have routinely held that disclosure and use of HRA records at trial is proper upon a showing of relevance. *See, e.g., United States v. Joshua Rodriguez*, 22 Cr. 316 (JSR), Dkt. 35 (so-ordering request for Rule 17(c) subpoena to the HRA for documents and trial testimony); *Maitland v. Lunn*, No. 14-CV-5938 (JS) (AKT), 2018 WL 4494876, at *2–3 (E.D.N.Y. Sept. 19, 2018) (permitting disclosure and use of HRA records where they were relevant to civil action for civil rights violations); *In re Nassau Cnty. Strip Search Cases*, No. 99-CV-2844 (DRH), 2017 WL 1322128, at *1 (E.D.N.Y. Apr. 10, 2017) (accord); *Zaccaro v. 50 E. 196th Assocs., L.P.*, No. 96-CV-5119, 1997 WL 661905, at *1 (S.D.N.Y. Oct. 23, 1997) (permitting disclosure and use of HRA records where they were relevant to civil action for tort claim); *Early v. Nassau County*, 98 A.D.2d 789, 789–90 (N.Y. 2d Dep't 1983) (permitting disclosure and use of HRA records in civil action where it "is likely that defendants' records contain information relevant to plaintiffs' claim that is not otherwise obtainable"); *Paine v. Chick*, 50 A.D.2d 686 (N.Y. 3d Dep't. 1975) (in action for damages for personal injury and lost wages, lower court properly denied motion to quash a subpoena served on Commissioner of Social Security as it did not jeopardize the real purpose and function of statute restricting disclosure and was justified as there were no other relevant documents available).[1]

3.  Discussion

The requested records are significant evidence at trial of flight. The Government intends to show that Ferguson applied for HRA benefits in November 2021 using a particular phone number (the "Ferguson Number") and continued using that phone through the day of the Murder. The Government also intends to show that Ferguson ceased using the Ferguson Number minutes after the Murder—thereby showing consciousness of guilt. The Government also intends to show that Ferguson ceased using his HRA benefits after the Murder and fled the state. *See United States v. Mundy*, 539 F.3d 154, 157 (2d Cir. 2008) ("Our court (like others) has ruled that when the facts surrounding the flight support the inference, proof of flight may be received as evidence of consciousness of guilt" (internal quotation marks and brackets omitted)).

---

[1] It is further appropriate for the records to be returned to the Government rather than the Court in the first instance. "Under Rule 17(c), the Court exercises its discretion on a case-by-case basis to determine whether subpoenaed material should be deposited with the Court and whether this material should be disclosed to the adverse party." *United States v. Reyes*, 162 F.R.D. 468, 471 (S.D.N.Y. 1995). The Government will promptly produce the records to the defense upon their receipt. If the Court prefers that the materials be deposited with the Court, the Government will provide revised copies of the Subpoena that omit this paragraph.

4.  Conclusion

Based on the foregoing, the Government respectfully submits that the minimal bar of relevance has been met in this matter and requests that the Court approve and order the Subpoena.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York

By: _____/s/ Mathew Andrews_____
Mathew Andrews
Peter Davis
Assistant United States Attorneys
(212) 637-6526

cc: Defense counsel (by ECF)

Request granted on consent.

SO ORDERED:
Date: 6/21/23          *Richard M. Berman*
                       Richard M. Berman, U.S.D.J.