

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 3, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/24

**BY ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    ***United States v. Ricardo Ferguson, 22 Cr. 135 (RMB)***

Dear Judge Berman:

    On May 31, 2024, defense counsel notified the Government that it intends to call as witnesses two detectives involved in the investigation: Tatiana Cruz and Anthony Caltabiano. Defense counsel has stated that they intend to ask these detectives about investigative steps that were allegedly not taken, apparently in support of an "alternative perpetrator" defense. As set forth below, an "alternative perpetrator" defense requires counsel to first make a showing of a nexus between the alleged alternative perpetrators and the murder. The defense has not and cannot proffer facts sufficient to meet this nexus. The Government accordingly respectfully requests that Court deny counsel's request to call the detectives to discuss allegedly untaken investigative steps because such examination would be irrelevant and prejudicial.

    **I.**    **Relevant Law**

    Although "a defendant has a right to attempt to establish his innocence by showing that someone else did the crime," he "must show that his proffered evidence on the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted 'alternative perpetrator.'" *Wade v. Mantello*, 333 F.3d 51, 61-62 (2d Cir. 2003) (*Wade I*) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998)). "That a third party may have borne animus towards the victim, standing alone, does little to establish that the third party committed the crime." *Id.* at 60 (quoting *United States v. Diaz*, 176 F.3d 52, 82 (2d Cir.1999). Accordingly, even if the proffered evidence "suggested that a third party had motive to murder," the defense must also "show that this third party had the *opportunity* to commit the murder" and "link[] this third party to [the] murder." *Id.* "[U]nsupported speculation that another person may have done the crime" does not suffice, because "[s]uch speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Id.* at 62 (internal quotation marks omitted). "A court must be sensitive to the special problems presented by 'alternative perpetrator' evidence and must ensure that the defendant shows a sufficient nexus between the crime charged and the asserted 'alternative perpetrator.'" *United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir.

2019) (quoting *Wade I* at 61-62 (alterations omitted)); *see also United States v. Ulbricht*, 858 F.3d 71, 119 (2d Cir. 2017).[1]

In *Wade I*, for example, the defendant sought to introduce evidence that the victim of the charged murder in the case was a member of a gang and had previously participated in a shoot-out with a gang rival, whom the defendant alleged was the real murderer. 333 F.3d at 54-55. Notwithstanding that this evidence established a motive for the uncharged individual to have committed the crime (and even possibly the opportunity to do so), the Second Circuit held that this alternative perpetrator evidence was properly excluded, because no evidence specifically linked the uncharged individual to the murder. *Id.* at 60-61. Allowing such evidence in the absence of a nexus, the Second Circuit reasoned, would have "invite[d] testimony that was both distracting and inflammatory" and "posed a danger of turning attention away from issues of [the defendant's] culpability." *Id.* at 61.

Likewise, in a different Second Circuit case (also involving a party named Wade), the Second Circuit upheld the exclusion of "alternative perpetrator" evidence that the defendant sought to elicit during cross-examination of a police officer testifying for the prosecution. *United States v. Wade*, 512 F. App'x 11 (2d Cir. 2013) (summary order) (*Wade II*). There, the defendant was charged with a narcotics offense, and drugs belonging to the defendant were seized from his girlfriend's apartment. The defendant sought to elicit testimony from the police officer concerning the arrest of an uncharged individual who had been caught dealing drugs in the same apartment building where the defendant's girlfriend lived. *Id.* at 14. The defendant argued that the arrest of that individual established the possibility that the drugs seized in the girlfriend's apartment belonged to that individual rather than to the defendant. But the Second Circuit found that the arrest of the uncharged individual was not sufficiently linked to the seizure of drugs from the girlfriend's apartment to make the theory plausible, and that allowing the police officer to testify concerning the arrest therefore "presented a risk of juror confusion and extended litigation of a collateral matter." *Id.* (citing *United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984)).

Similarly, in *United States v. Scales*, 19 Cr. 96 (JSR), the Government charged the defendant with, among other things, a drug-related murder. At trial, defense counsel sought to

---

[1] These principles are similarly well established in other Circuits. *See e.g.*, *United States v. Hicks*, 307 F. App'x 758, 761 (4th Cir. 2009) ("Requiring the defendant to demonstrate a nexus between the crime charged and the alleged alternative perpetrator mitigates jury confusion and undue prejudice, two factors that must be balanced against the introduction of relevant evidence." (citing *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007))); *DiBenedetto v. Hall*, 272 F.3d 1, 8 (1st Cir. 2001) ("Evidence that tends to prove a person other than the defendant committed a crime is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant."); *Andrews v. Stegall*, 11 F. App'x 394, 396 (6th Cir. 2001) (summary order) ("Generally, evidence of third party culpability is not admissible unless there is substantial evidence directly connecting that person with the offense."); *Guam v. Ignacio*, 10 F.3d 608, 615 (9th Cir. 1993) ("Evidence of third-party culpability is not admissible if it simply affords a possible ground of suspicion against such person; rather, it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense").

elicit from a witness that the murder victim, Joshua Lopez, a/k/a "Mohall," was part of a gang ("Lam Vegas") that had an ongoing dispute with another gang ("Jackson Avenue"). *See United States v. Scales* July 23, 2021 Trial Transcript ("Trial Tr."), Dkt. 217, 499:4-15. Defense counsel further sought to elicit that the murder victim had been arrested for shooting at some of these rival gang members. *See id.* The Government opposed the alternative perpetrator theory on the basis that there was an insufficient nexus between the murder and this alleged "alternative" gang dispute under the Second Circuit's decision in *Wade*. *See United States v. Scales*, Gov't Motion in *Limine*, Dkt. 171, at 2-11. After reviewing the motions of counsel, the Court excluded examination on the defendant's alternative perpetrator theory:

> DEFENSE COUNSEL: . . . We talked, in in limine motions, about alternative beefs, other beefs that were going on, specifically with the Lam Vegas crew. As you can see, the government is going to string together a series of acts and ask the jury to infer that they're related and culminates in the murder of Joshua Lopez. And, he spoke at least about one other beef, an older beef on his direct. We would like to pose just a few questions, that we believe that opens the door to talking about other beefs that his crew, this Lam Vegas crew had with other individuals including, in particular, the Jackson Avenue crew and the fact that Mohall had been arrested for shooting some of the Jackson –
>
> THE COURT: Thank you for bringing that to my attention. I adhere to my earlier rulings excluding that.

*See United States v. Scales*, Trial Tr., Dkt. 217, 499:4-15.

## II. Discussion

The defense has notified the Government that they intend to cross-examine the detectives about investigative steps allegedly not taken. The Government has no information about what these allegedly untaken steps are. Nonetheless, the clear purpose of such examination is to argue that law enforcement failed to take certain investigative steps and would have uncovered the "true" murderer had they done so. The Court should preclude the defense from calling the detectives because the defense has failed to identity any facts meeting the nexus required under *Wade I*, *Wade II*, and their progeny to support an alternative perpetrator defense.

As in *Wade I* and *Wade II*, the defense is asking the jury to speculate that the murder was committed or caused by an unidentified third party (or group of third parties). *See Wade I*, 333 F.3d at 54-55 (proposed third-party perpetrator had previously engaged in a shootout with the victim); *Wade II*, 512 F. App'x at 14 (third-party drug dealer also sold drugs in the same building). The defense, however, has failed to show any evidence of who had motive to kill the victim (as opposed to some generalized animus), that said person had an opportunity to kill the victim on the day of the murder, or evidence showing that said person was *even at* the location of the murder. *See Wade I*, 333 F.3d at 60 ("Folk's testimony would at most have suggested that a third party had motive to murder Bryant, but neither the testimony nor the defense proffer tended to show that this third party had the *opportunity* to commit the murder. And even if opportunity could be inferred,

nothing linked this third party to Bryant's murder. Accordingly, Folk's testimony would not have materially assisted the determination of Wade's guilt or innocence.").

The decision in *Scales* is instructive. There, defense counsel sought to elicit testimony not only that the murder victim was a gang member in an ongoing beef with a rival gang, but also that the murder victim had attempted to shoot rival gang members. The Court nonetheless excluded the testimony because the defense had failed to show any nexus between this ongoing gang beef and the murder. *See United States v. Scales*, Trial Tr., Dkt. 217, 499:4-15. Here, by contrast, the defense's alternative perpetrator theory is even weaker given that there is no testimony of any actual animus between the murder victim and the unknown, unidentified, third party "alternative perpetrators."

For the foregoing reasons, the defense has not made a sufficient showing or a nexus between the alleged alternative perpetrators and the murder. The Court accordingly should preclude defense counsel from further inquiring into these theories and preclude counsel from arguing these speculative notions before the jury during closing statements.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York

By: _____/s/_____
Mathew Andrews
Dominic Gentile
Jun Xiang
Assistant United States Attorneys
(212) 637-6526

---

Defense to respond by 6/7/24 12:00 pm. The Court will not accept any more motions without prior Court approval.

SO ORDERED:
Date: 6/4/24    Richard M. Berman
Richard M. Berman, U.S.D.J.